UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GERALD SORRENTINO,

                              Plaintiff,

              v.

SYSKA HENNESSY GROUP, INC., SH GROUP, INC.,
CRAIG KALLE AND RICHARD A. FINCHER,

                              Defendants.

**ANSWER**

Civil Action No. 08-CV-0287 (RMB)

        Defendants Syska Hennessy Group, Inc., SH Group, Inc., Craig Kallé and Richard A.

Fincher, by and through their attorneys Bond, Schoeneck & King, PLLC, answer the Complaint

as follows:

        1.      Deny each and every allegation of paragraph 1 of the Complaint, except admit

Plaintiff previously was employed by Syska Hennessy Group, Inc. ("SHG" or the "Company");

Craig W. Kallé is a Managing Director and Senior Vice President of SHG and Richard A.

Fincher is its Senior Vice-President of Human Resources and Organization Development; and

Plaintiff purports to bring this action pursuant to the statutory authority there cited, and refer the

Court to such authority for its full content, meaning and intent.

        2.      Deny each and every allegation of paragraph 2 of the Complaint.

        3.      Deny knowledge or information sufficient to form a belief as to the truth of the

allegations in paragraph 3 of the Complaint, except admit Plaintiff was an employee of the

Company for over 25 years when he was terminated from his employment on or about May 1,

2007, and at the time of his termination was age 55.

        4.      Deny each and every allegation of paragraph 4 of the Complaint.

5.     Deny each and every allegation of paragraph 5 of the Complaint, and refer the Court to the statutory authority there cited for its full content, meaning and intent.

6.     Deny each and every allegation of paragraph 6 of the Complaint, and refer the Court to the statutory authority there cited for its full content, meaning and intent.

7.     Deny the allegations of paragraph 7 of the Complaint, except admit Syska Hennessy Group, Inc. does provide consulting, engineering, technology and construction services and has a New York office located at 11 West 42nd Street, New York, New York.

8.     Admit the allegations of paragraph 8 of the Complaint.

9.     Admit the allegations of paragraph 9 of the Complaint.

10.    Admit the allegations of paragraph 10 of the Complaint.

11.    Deny each and every allegation of paragraph 11 of the Complaint, except admit Mr. Fincher is the Senior Vice-President of Human Resources and Organizational Development of SHG and resides in the State of New Jersey.

12.    Deny each and every allegation of paragraph 12 of the Complaint, except admit Plaintiff purports to invoke the jurisdiction of this Court on the basis of the authorities there cited.

13.    Deny each and every allegation of paragraph 13 of the Complaint, except admit Plaintiff purports to invoke the supplemental jurisdiction of this Court on the basis of the authority there cited.

14.    Deny each and every allegation contained in paragraph 14 of the Complaint, except admit Plaintiff purports to invoke the jurisdiction of this Court over all state claims on the basis of the authority there cited.

16684.1 2/12/2008

15.    Deny each and every allegation contained in paragraph 15 of the Complaint, except admit Plaintiff purports to invoke venue on the basis of the authority there cited.

16.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint.

17.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint.

18.    Admit the allegations of paragraph 18 of the Complaint.

19.    Deny each and every allegation of paragraph 19 of the Complaint, except admit, in 1982, Plaintiff commenced his employment with the Company as Assistant Plan Desk Supervisor; in 1990, Plaintiff was promoted to Plan Desk Supervisor; in 1992, Plaintiff was promoted to Associate status in addition to serving as Plan Desk Supervisor; in 2004, Plaintiff was promoted to Office Supervisor – New York Operations in addition to his Associate status; and in 2006, Plaintiff was promoted to Senior Associate status in addition to serving as Office Supervisor – New York Operations.

20.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint, except admit, in 2006, Plaintiff requested, and the Company agreed to, Short-Term Disability Leave that was designated, as well, as a Family and Medical Leave pursuant to the Family and Medical Leave Act ("FMLA").

21.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Complaint, except admit Plaintiff commenced a Short-Term Disability and FMLA Leave of Absence on or about July 24, 2006.

22.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Complaint, except admit Plaintiff returned to work on or about

November 15, 2006 and was fully able to perform the essential functions that he then agreed needed to be performed, all of which fell within his job description as Office Supervisor-New York Operations.

23.    Deny each and every allegation of paragraph 23 of the Complaint, except admit that, on or about January 30, 2007, Plaintiff received from the Company a performance review by Defendant Kallé a copy of which is attached to the Complaint as Exhibit C, and refer the Court to said Exhibit for its full content, meaning and intent.

24.    Deny each and every allegation of paragraph 24 of the Complaint, except admit the Company hired Katherine Eng, effective February 12, 2007, as Director of Office Services; Plaintiff was informed by the Company he would be reporting to Ms. Eng; and Ms. Eng was able to perform the essential functions of the position for which she was hired.

25.    Deny each and every allegation of paragraph 25 of the Complaint.

26.    Deny each and every allegation of paragraph 26 of the Complaint, except admit Mr. Sorrentino sent an e-mail to Mr. Kallé on or about February 7, 2007, a copy of which is attached to the Complaint as Exhibit D, and refer the Court to said e-mail for its full content, meaning and intent.

27.    Deny each and every allegation of paragraph 27 of the Complaint, except admit Mr. Kallé, on or about February 7, 2007, sent an e-mail to Mr. Sorrentino, a copy of which is attached to the Complaint as Exhibit D, and refer the Court to said e-mail for its full content, meaning and intent.

28.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Complaint.

4

29.    Deny each and every allegation of paragraph 29 of the Complaint, except admit Plaintiff and the Company discussed, and the Company agreed to, a Short-Term Disability Leave of Absence, and Plaintiff informed the Company he would return to work on May 1, 2007.

30.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the Complaint.

31.    Deny each and every allegation of paragraph 31 of the Complaint, except admit Plaintiff returned to work on May 1, 2007, and his employment was terminated effective May 1, 2007.

32.    Deny each and every allegation of paragraph 32 of the Complaint, except admit, on or about May 1, 2007, Mr. Fincher presented Plaintiff with an offer of a separation package that had been formulated in response to an earlier request from Plaintiff for such a package, and refer the Court to the terms of the offer for their full content, meaning and intent.

33.    Deny each and every allegation of paragraph 33 of the Complaint.

34.    Deny each and every allegation of paragraph 34 of the Complaint, except admit counsel to Plaintiff, by letter to Defendant Fincher dated May 9, 2007, introduced herself and, on behalf of Plaintiff, informed Mr. Fincher the Company's offer, as contained in Mr. Fincher's "two letters, both dated April 30, 2007," is "hereby rejected."

35.    Deny each and every allegation of paragraph 35 of the Complaint, except deny knowledge or information sufficient for form a belief as to the truth of the allegations as for when Plaintiff applied for Unemployment Benefits and what he initially was told by the New York State Department of Labor, and admit Plaintiff was eligible for and, in fact, received such benefits.

16684.1 2/12/2008

36.     Repeat and reallage each and every one of the responses in paragraphs 1 through 35 above as if fully set forth herein.

37.     Deny each and every allegation of paragraph 37 of the Complaint.

38.     Deny each and every allegation of paragraph 38 of the Complaint.

39.     Deny each and every allegation of paragraph 39 of the Complaint.

40.     Deny each and every allegation of paragraph 40 of the Complaint.

41.     Deny each and every allegation of paragraph 41 of the Complaint.

42.     Repeat and reallage each and every one of the responses in paragraphs 1 through 41 above as if fully set forth herein.

43.     Deny each and every allegation of paragraph 43 of the Complaint.

44.     Deny each and every allegation of paragraph 44 of the Complaint.

45.     Deny each and every allegation of paragraph 45 of the Complaint.

46.     Deny each and every allegation of paragraph 46 of the Complaint.

47.     Repeat and reallage each and every one of the responses in paragraphs 1 through 46 above as if fully set forth herein.

48.     Deny each and every allegation of paragraph 48 of the Complaint.

49.     Deny each and every allegation of paragraph 49 of the Complaint.

50.     Deny each and every allegation of paragraph 50 of the Complaint.

51.     Deny each and every allegation of paragraph 51 of the Complaint.

52.     Deny each and every allegation of paragraph 52 of the Complaint.

53.     Repeat and reallage each and every one of the responses in paragraphs 1 through 52 above as if fully set forth herein.

54.     Deny each and every allegation of paragraph 54 of the Complaint.

55.    Deny each and every allegation of paragraph 55 of the Complaint.

56.    Deny each and every allegation of paragraph 56 of the Complaint.

57.    Deny each and every allegation of paragraph 57 of the Complaint.

58.    Deny each and every allegation of paragraph 58 of the Complaint.

59.    Repeat and reallage each and every one of the responses in paragraphs 1 through 58 above as if fully set forth herein.

60.    Deny each and every allegation of paragraph 60 of the Complaint.

61.    Deny each and every allegation of paragraph 61 of the Complaint.

62.    Deny each and every allegation of paragraph 62 of the Complaint.

63.    Deny each and every allegation of paragraph 63 of the Complaint.

64.    Repeat and reallage each and every one of the responses in paragraphs 1 through 63 above as if fully set forth herein.

65.    Deny each and every allegation of paragraph 65 of the Complaint.

66.    Deny each and every allegation of paragraph 66 of the Complaint.

67.    Deny each and every allegation of paragraph 67 of the Complaint.

68.    Deny each and every allegation of paragraph 68 of the Complaint.

69.    Deny each and every allegation of paragraph 69 of the Complaint.

70.    Repeat and reallage each and every one of the responses in paragraphs 1 through 69 above as if fully set forth herein.

71.    Deny each and every allegation of paragraph 71 of the Complaint.

72.    Deny each and every allegation of paragraph 72 of the Complaint.

73.    Deny each and every allegation of paragraph 73 of the Complaint.

74.    Deny each and every allegation of paragraph 74 of the Complaint.

16684.1 2/12/2008

75.     Deny each and every allegation of paragraph 75 of the Complaint.

76.     Repeat and reallage each and every one of the responses in paragraphs 1 through 75 above as if fully set forth herein.

77.     Deny each and every allegation of paragraph 77 of the Complaint.

78.     Deny each and every allegation of paragraph 78 of the Complaint.

79.     Deny each and every allegation of paragraph 79 of the Complaint.

80.     Deny each and every allegation of paragraph 80 of the Complaint.

81.     Deny each and every allegation of paragraph 81 of the Complaint.

82.     Deny each and every allegation of paragraph 82 of the Complaint.

83.     Repeat and reallage each and every one of the responses in paragraphs 1 through 82 above as if fully set forth herein.

84.     Deny each and every allegation of paragraph 84 of the Complaint.

85.     Deny each and every allegation of paragraph 85 of the Complaint.

86.     Deny each and every allegation of paragraph 86 of the Complaint.

87.     Deny each and every allegation of paragraph 87 of the Complaint.

88.     Deny each and every allegation of paragraph 88 of the Complaint.

89.     Repeat and reallage each and every one of the responses in paragraphs 1 through 88 above as if fully set forth herein.

90.     Deny each and every allegation of paragraph 90 of the Complaint.

91.     Deny each and every allegation of paragraph 91 of the Complaint.

92.     Deny each and every allegation of paragraph 92 of the Complaint.

93.     Deny each and every allegation of paragraph 93 of the Complaint.

94.     Deny each and every allegation of paragraph 94 of the Complaint.

95.   Repeat and reallage each and every one of the responses in paragraphs 1 through 94 above as if fully set forth herein.

96.   Deny each and every allegation of paragraph 96 of the Complaint.

97.   Deny each and every allegation of paragraph 97 of the Complaint.

98.   Deny each and every allegation of paragraph 98 of the Complaint.

99.   Deny each and every allegation of paragraph 99 of the Complaint.

100.   Deny each and every allegation of paragraph 100 of the Complaint.

101.   Deny each and every allegation of paragraph 101 of the Complaint.

102.   Repeat and reallage each and every one of the responses in paragraphs 1 through 101 above as if fully set forth herein.

103.   Deny each and every allegation of paragraph 103 of the Complaint.

104.   Deny each and every allegation of paragraph 104 of the Complaint.

105.   Deny each and every allegation of paragraph 105 of the Complaint.

106.   Deny each and every allegation of paragraph 106 of the Complaint.

107.   Repeat and reallage each and every one of the responses in paragraphs 1 through 106 above as if fully set forth herein.

108.   Deny each and every allegation of paragraph 108 of the Complaint.

109.   Deny each and every allegation of paragraph 109 of the Complaint.

110.   Deny each and every allegation of paragraph 110 of the Complaint.

111.   Deny each and every allegation of paragraph 111 of the Complaint.

112.   Deny each and every allegation of paragraph 112 of the Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

113.   The Complaint fails to state a claim upon which relief can be granted.

16684.1 2/12/2008

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

114.    Any and all actions taken by the Defendants were based upon legitimate, nondiscriminatory reasons, unrelated to Plaintiff's age, alleged disability or perceived disability, or any invocation by Plaintiff of rights arising under, federal, state or local law.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

115.    Plaintiff has failed to comply with the statutory requirements of Administrative Code 8-502(c), which requires that prior to commencing a civil action, the plaintiff shall serve a copy of the complaint upon the city commission on human rights and the corporation counsel.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendants respectfully request that the Complaint be dismissed, that they recover their costs and that they be granted any other and further relief the Court may deem just and proper.

Dated: New York, NY
February 12, 2008

BOND, SCHOENECK & KING, PLLC


By:    s/Louis P. DiLorenzo
          Louis P. DiLorenzo (LD-3988)
          Michael I. Bernstein (MB-6370)
Attorneys for Defendants
Office and P.O. Address
330 Madison Avenue, 39th Floor
New York, New York  10017-5001
Telephone:  (646) 253-2300


TO:    THE SALVO LAW FIRM, PC
          Cindy D. Salvo, Esq.
          Attorneys for Plaintiff
          303 South Broadway, Suite 222
          Tarrytown, New York  10591

16684.1 2/12/2008