BOND, SCHOENECK & KING, PLLC

ATTORNEYS AT LAW ▪ NEW YORK   FLORIDA   KANSAS

LOUIS P. DILORENZO
Direct: 646-253-2315
Fax: 646-253-2301
LDiLorenzo@bsk.com

March 5, 2008

**VIA ELECTRONIC FILING**

Hon. Richard M. Berman
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Room 650
New York, NY  10007

Re:   *Sorrentino v. Syska Hennessy Group, Inc., et al.; 08 CV 0287*

Dear Judge Berman:

We are counsel to defendants in this action. We write to obtain the Court's assistance to resolve a dispute regarding the order of depositions that has emerged in this matter.

On the morning of February 19, 2008, prior to the initial conference in this case, my colleague Michael I. Bernstein and I conferred with plaintiff's counsel, Cindy Salvo, concerning discovery in this matter. I indicated to Ms. Salvo "we would like to depose plaintiff first and we can work out what you want to do." Ms. Salvo agreed to that request, and she admits that, but now claims she misunderstood the request and is entitled to proceed first with her depositions because, on February 28, 2008, she served her notices of deposition first.

Had Ms. Salvo not agreed to my priority request prior to the February 19 conference, not only would I have raised that issue with the Court during the conference, but we also would have served a deposition notice that day. That, we submit, would permit a logical and orderly development of discovery. Given our agreement prior to the court conference, we did not believe that was necessary

To put this in further perspective, on March 3, 2008, my colleague Michael Collins followed up and contacted Ms. Salvo to discuss deposition scheduling. He informed Ms. Salvo we would be serving discovery requests this week that would include a demand for medical releases – a central demand in light of plaintiff's allegations of discrimination and retaliation related to his disability or perceived disability and family medical leave. Mr. Collins noted we would need to obtain the medical records prior to plaintiff's deposition, and, in light of our

---

Hon. Richard M. Berman
March 5, 2008
Page 2

agreement as to priority, there might be a need to reschedule the three depositions she had noticed (April 9, 14, 16) to permit us to take Mr. Sorrentino's deposition first. Ms. Salvo said she had no recollection of any agreement as to the priority of depositions. Mr. Collins indicated he had been told otherwise, and someone from our office would get back to her.

This morning, I spoke to Ms. Salvo by telephone and she admitted she now recalled the conversation in which I stated "we want to take plaintiff's deposition first" and her agreement to that request. She indicated she misunderstood what I meant and would not have agreed had she understood me to mean I was seeking to depose her client before she took any depositions. She said she thought I only meant that plaintiff would be the first of the people I intended to depose. While Ms. Salvo may have believed that, I told her there would have been no reason for me even to have mentioned that if that was all I intended. I also pointed out there had been no need for us to raise the issue with the Court or to serve a deposition notice immediately after the Court conference because of her assent to our priority.

Unfortunately, we are in need of the Court's assistance.

Defendants intend to serve their document request on Thursday, including requests for medical releases, along with a Notice of Deposition for plaintiff. Upon receipt of the medical releases, defendants will serve them, with subpoenas, upon Mr. Sorrentino's medical providers. Allowing 30 days for plaintiff to provide the releases in response to defendants' document request, two weeks for any medical providers to provide relevant records and five days for the defense counsel to review those responses, defendants would be prepared to depose plaintiff on or about April 28. Of course, if plaintiff's counsel would agree to provide medical releases more expeditiously, that schedule could be moved up accordingly and the depositions plaintiff seeks to take could be conducted soon thereafter.

We thank you for your consideration.

Respectfully submitted,

BOND, SCHOENECK & KING, PLLC

Louis P. DiLorenzo

LPD/di

cc:   Cindy D. Salvo, Esq. (by facsimile)

17425.2 3/5/2008