UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GERALD SORRENTINO,

                       Plaintiff,

       v.

SYSKA HENNESSY GROUP, INC., SH GROUP, INC., CRAIG KALLE AND RICHARD A. FINCHER,

                       Defendants.



**MEMO ENDORSED** *As Amended*

Civil Action No. 08-CV-0287 (RMB) (RLE)

4/15/08

## ~~[PROPOSED]~~ PROTECTIVE ORDER

In the course of this Action, confidential commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure is likely to be disclosed and/or produced by any party or non-party (the "Producing Party"). The Court finds that good cause exists for the entry of this protective order in this Action pursuant to Rule 26(c) in order to protect such confidential commercial information, and that said confidential commercial information may include, without limitation, Rule 26 disclosures, documents, depositions, deposition exhibits, interrogatory responses, responses to requests for admission and testimony ("Discovery Material").

IT IS HEREBY ORDERED, pursuant to Rule 26(c), that:

1.    Any Producing Party may designate any Discovery Material as 'CONFIDENTIAL" ("Confidential Discovery Material") under the terms of this Order if such Producing Party in good faith believes the Discovery Material contains nonpublic, confidential, proprietary or commercially sensitive information.

2. Confidential Discovery Material and information derived therefrom shall be used by the receiving party solely for purposes of this Action and shall not be used for any other purpose, including, without limitation, any business, proprietary, commercial, governmental or litigation purpose. Nothing herein shall limit a party from disclosing its own Confidential Discovery Material to any person it may deem necessary in connection with the prosecution or defense of this Action

3. The designation of Discovery Material as "CONFIDENTIAL" for purposes of this Order shall be made in the following manner by the Producing Party:

    a. In the case of Rule 26 disclosures, documents, exhibits, briefs, memoranda, interrogatory responses, responses to requests for admission or other documentary materials (excluding depositions or other testimony) and tangible things, by affixing the legend "CONFIDENTIAL" to each thing and each page containing any Confidential Discovery Material.

    b. In the case of depositions or other testimony, (i) by counsel's statement on the record, during such deposition or other testimony or portion thereof, that such testimony shall be treated as Confidential Discovery Material, or (ii) by written notice, sent by counsel to all parties within ten (10) business days after receiving a copy of the transcript thereof. In both of the foregoing instances, each party shall affix to all originals and copies of transcripts in its possession or control the appropriate confidentiality legends.

    c. In the case of an inadvertent or unintentional disclosure by the Producing Party that has not been designated as "CONFIDENTIAL" pursuant to

paragraph 1 or 2, by designating the Discovery Material as "CONFIDENTIAL" and notifying the Receiving Party of the designation, in writing, as soon as reasonably possible after the Producing Party becomes aware of the inadvertent or unintentional disclosure. The Receiving Party shall thereafter mark and treat the designated Discovery Material as "CONFIDENTIAL," and such material shall be fully subject to this Order as if it had been initially so designated. Further, regardless of whether the information was so designated at the time of disclosure, its inadvertent or unintentional disclosure shall not be deemed a waiver in whole or in part of a Producing Party's claim of confidentiality as to the designated information disclosed.

4.  Discovery Material designated as "CONFIDENTIAL" may be disclosed, summarized, described or otherwise communicated or made available in whole or in part only to the following:

   a.  any party to this Action;

   b.  counsel of record for the parties in this Action, members of their firms, associate attorneys, paralegal, clerical and other regular or temporary employees of such counsel necessary to assist in the conduct of this Action for use in accordance with this Order;

   c.  any attorney employed by a party (*i.e.*, "in-house" counsel), associate attorneys, paralegal, clerical and other regular or temporary employees of such counsel necessary to assist in the conduct of this Action for use in accordance with this Order;

    d.    outside consultants or experts ("Consultants") retained by a party in this Action, provided each consultant has complied with Paragraph 5 below;

    e.    employees of any party to this Action who may have information pertinent to the investigation, conduct and evaluation of this Action;

    f.    employees of any vendors or other independent contractors to any party to this Action who may have information pertinent to the investigation, conduct and evaluation of this Action;

    g.    the Court, court personnel and court reporters;

    h.    outside photocopying, imaging, data base, graphics or design service providers retained by outside counsel for purposes of preparing demonstrative or other exhibits for deposition, trial or other court proceedings in this Action;

    i.    non-technical jury or trial consulting services retained by outside counsel; and

    j.    other persons only upon Order of the Court for good cause shown or upon written consent of the Producing Party, which shall not be unreasonably withheld.

5.    Each person to be given access to Confidential Discovery Material pursuant to this Order (except those individuals listed in subparagraphs 4a, 4b, 4c, 4e and 4g) shall be provided with a copy of this Order and shall be advised that (a) said Confidential Discovery Material is being disclosed pursuant to and subject to the terms of this Order and may not be disclosed or used other than pursuant to the terms hereof, and (b) the violation of the terms of the Order (by use of the Confidential Discovery Material in any impermissible manner) may subject

the person to punishment for contempt of a Court Order. Any such person to be given access to Confidential Discovery Material must first read the Order, and must execute, in the form attached hereto as Exhibit A, an Undertaking to be bound by this Order and to be subject to the jurisdiction of this Court for purposes of the enforcement of this Order. The original Undertaking shall be retained by counsel giving access to the material. If Confidential Discovery Material is to be disclosed during a deposition or trial, the agreement to be bound and subject to jurisdiction may be made on the record and under oath, rather than in writing, and any objections may also be made orally. Pending resolution of such objections, no disclosures of material may be made.

6. All documents of any nature, including briefs, containing information that has been designated as "CONFIDENTIAL" or which contain Confidential Material, if filed with the Court, shall be filed under seal in an envelope or other container marked with the title of the Action, the title of the court filing which contains the Confidential Material, and a statement substantially in the following form:

> **CONFIDENTIAL: FILED PURSUANT TO A PROTECTIVE ORDER**
>
> **THIS ENVELOPE IS NOT TO BE OPENED NOR ARE THE CONTENTS THEREOF TO BE DISPLAYED OR REVEALED EXCEPT BY OR TO QUALIFIED PERSONS OR BY COURT ORDER.**

7. It is the present intention of the parties that the provisions of this Order shall govern discovery and other pretrial and trial proceedings in this Action. Nonetheless, each of the parties hereto shall be entitled to seek modification of this Order by application to the Court on notice to the other parties hereto for good cause. No change in this Order that adversely affects the protection of any information, document, or thing produced or given by a non-party in this

case shall be made without giving to that non-party appropriate notice and opportunity to be heard by the Court.

8.  The parties agree to be bound by the terms of this Order pending its entry by the Court, or pending the entry of an alternative thereto which is satisfactory to all parties.

9.  During the pendency of this Action, any party objecting to the designation of any Discovery Material or testimony as Confidential Material may, after making a good faith effort to resolve any objection, move on notice for an Order vacating the designation. While such an application is pending, the Discovery Material or testimony in question shall be treated as Confidential Discovery Material pursuant to this Order. The provisions of this Order are not intended to shift the burden of establishing confidentiality, which shall at all times remain with the Producing Party.

By: Cindy D. Salvo, Esq.
THE SALVO LAW FIRM, PC
Attorneys for Plaintiff
101 Eisenhower Parkway, Suite 300
Roseland, NJ 07068

Dated: 4/4/08

By: Michael P. Collins, Esq.
BOND, SCHOENECK & KING, PLLC
Attorneys for Defendants
330 Madison Avenue, 39th Floor
New York, New York 10017

Dated: 4/10/08

SO ORDERED this 15 day of April, 2008.

_____
Hon. Richard M. Berman
United States District Judge

10. THE COURT RETAINS DISCRETION WHETHER TO AFFORD CONFIDENTIAL TREATMENT TO ANY CONFIDENTIAL DOCUMENT OR INFORMATION CONTAINED IN ANY CONFIDENTIAL DOCUMENT SUBMITTED TO THE COURT IN CONNECTION WITH ANY MOTION, APPLICATION, OR PROCEEDING THAT MAY RESULT IN AN ORDER AND/OR DECISION BY THE COURT.

# **EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GERALD SORRENTINO,

                Plaintiff,

    v.

SYSKA HENNESSY GROUP, INC., SH GROUP, INC., CRAIG KALLE AND RICHARD A. FINCHER,

                Defendants.

Civil Action No. 08-CV-0287 (RMB) (RLE)

## **UNDERTAKING**

The undersigned hereby acknowledges that he or she has read the Protective Order in the above-captioned action, entered on _____, 2008; that he or she understands the terms thereof; that he or she agrees to be bound by its terms; and that he or she consents to the jurisdiction of the United States District Court for the Southern District of New York in all matters concerning the Order and this Undertaking.

_____
Date

_____
Signature

Print name and Address:

_____

_____

_____

_____
Employer or Business Affiliation

17898.1 4/3/2008